UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CV-81027-MARRA/JOHNSON

GELTECH SOLUTIONS, INC.,
a Florida corporation,

    Plaintiff,

vs.

MARTEAL, LTD.,
d/b/a DYNA-GRO NUTRITION SOLUTIONS,
a California corporation,

    Defendant.
_____/

## AMENDED COMPLAINT FOR DELCARATORY JUDGMENT

The Plaintiff, GELTECH SOLUTIONS, INC. ("GELTECH"), sues the Defendant, MARTEAL, LTD., d/b/a DYNA-GRO NUTRITION SOLUTIONS ("DYNA-GRO") for a declaratory judgment of its rights under the Lanham Act, and complains as follows:

### JURISDICTION AND VENUE

1.    This is an action for relief under the Federal Declaratory Judgment Act 28 U.S.C. § 2201 as relates to the Trademark Laws of the United States 15 U.S.C. § 1051, et. seq. This court has subject matter jurisdiction of this cause, pursuant to 28 U.S.C. § 1338(a).

2.    This court has personal jurisdiction over the Defendant, pursuant to F.S. 48.193(1) and (2), by virtue of its engaging in a business in this state, and by virtue of its substantial, continous and not isolated activity in this state, including marketing and selling ROOT-GEL throughout this district, and having dealers in Florida, and at least five dealers in this district.

3.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4.      MARTEAL, LTD., d/b/a DYNA-GRO NUTRITION SOLUTIONS ("DYNA-GRO") is a California corporation located at 2775 Giant Road, Richmond, California 94806. It is the owner of the domain address dyna-gro.com, which serves to provide an interactive website for the advertisement and sale of DYNA-GRO™ ROOT-GEL® to interested purchasers throughout the U.S., including Florida.  (See Exhibit "A" attached, WHOIS Record administered by Network Solutions.)

Upon information and belief, "DYNA-GRO" is the manufacturer and distributor of DYNA-GRO™ ROOT-GEL®, an artificial growth medium in gel form for use on plant cuttings to develop roots, and is the sole and exclusive licensee of the mark, ROOT-GEL®, which is the subject of U.S. Trademark Registration No. 2,253,857.  In addition to the company's interactive website, it maintains an extensive dealer network, including multiple dealers in Florida.

The Plaintiff may require additional discovery for the purpose of determining the full extent of this corporation's activities, and its further relationship to the owners of the cited trademark registration, SUSAN P. MARTIN and DAVID E. NEAL **(MARTEAL)**, or any related corporations.

5.      MARTEAL, LTD., d/b/a DYNA-GRO NUTRITION SOLUTIONS ("DYNA-GRO") is owned and operated by SUSAN P. MARTIN and DAVID E. NEAL (MARTEAL) for the purpose of manufacturing and distributing ROOT-GEL throughout the U.S.  Mr. Neal and Ms. Martin are a married couple residing in Marin County, California, who are the owners, by assignment, of U.S. Trademark Registration No. 2,253,857 for the mark, ROOT-GEL. Mr. Neal and Ms. Martin are also agents for "DYNA-GRO", the corporate Defendant in this case.

6. GELTECH SOLUTIONS, INC. is a Florida corporation having a regular and established place of business at 1460 Park Lane South, Jupiter, Florida, and is engaged in the business of developing and selling innovative products, including gel based products for fire retardation, storm treatment, and other liquid absorption and retention purposes.

## BACKGROUND

7. On June 17, 2009, counsel for Ms. Martin and Mr. Neal, (as well as for "DYNA-GRO"), sent a letter to Plaintiff advising of his clients' registered trademark and demanding that the Plaintiff cease and desist from further use of the mark, "ROOT-GEL". See Exhibit "B" attached hereto.

8. Although this cease and desist letter referenced only the law firm's representation of Ms. Martin and Mr. Neal, it also stated: "For many years, my client has marketed plant growth products in gel form for use on cuttings to develop roots under its proprietary name and trademark ROOT-GEL®." Significantly, the letter goes on to state: "...you are using the identical designation, i.e. RootGel, to market and sell plant growth products in gel form to enhance root development which *directly complete with my clients' products in the marketplace.*"

9. Though Mr. Neal and Ms. Martin are the owners, by assignment, of the trademark registration, it appears clear from the letter of counsel, evidence contained in the file history for the subject trademark registration and the Defendant's website that Ms. Martin and Mr. Neal are not *personally* marketing and selling ROOT-GEL but do so, instead, through their corporate entity(s) otherwise known as DYNA-GRO.

10. The original applicant for the trademark registration was Dyna-Gro Corporation. The specimen establishing actual use of the mark in commerce submitted in June, 1998 is a product label,

3

which shows that the product is "Mfd. by DYNA-GRO NUTRITION SOLUTIONS", (attached hereto as Exhibit "C").

11. The manufacture and sale of the product to which the ROOT-GEL® mark is applied has remained in the corporate control of Mr. Neal and Ms. Martin. In 2009 in order to obtain incontestible status for ROOT-GEL®, a further product label specimen was submitted to the U.S. Trademark Office (see Exhibit "D" attached). It shows that the DYNA-GRO™ ROOT-GEL® product is "Mfd. By DYNA-GRO, 2775 Giant Road, Richmond, California 94806." This is the address of the Defendant herein, as further shown in one of its web pages (Exhibit "E", attached).

12. Upon information and belief, Mr. Neal and Ms. Martin operate, own, and control "DYNA-GRO". As a result, the letter attached hereto as Exhibit "B" was written on behalf of and for the benefit of "DYNA-GRO" which, through its agents, Mr. Neal and Ms. Martin, have full knowledge of this matter.

13. The Plaintiff's product is a powdered polymer composition applied to agriculture, horticulture and forestry for attracting, storing and providing moisture to plant life and is called "RootGel."

14. The Defendant's product is an artificial growth medium for use on plant cuttings to develop roots, and is sold under the trademark "ROOT-GEL." It is one of a number of plant nutrition products sold under the DYNA-GRO™.

15. While the Plaintiff previously sought trademark registration for the term "RootGel", in connection with its product, registration was refused by the U.S. Patent and Trademark Office, including on the basis that the term was descriptive of the product's uses and characteristics. The Plaintiff did not further contest the Trademark Office's determination in this regard and abandoned

4

any further attempt to register the mark. The Plaintiff has also ceased claiming trademark use for the term, "RootGel" and has acceded to the determination of the U.S. Patent and Trademark Office in this regard.

16. The products of the parties are completely distinct in their uses and purposes as well as in their respective channels of trade. While the Plaintiff's product is a gel used to maintain moisture in the roots of grasses and plants, the Defendant's product is wholly separate as an artificial growth medium in gel form utilized to develop roots on plant cuttings.

17. Aside from differences in the products and different channels of trade, the Defendant's product is also legally required to be sold under the mark, DYNA-GRO, by virtue of an agreement required to obtain trademark registration.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF ROOTGEL® TRADEMARK

18. "GELTECH" seeks a declaration of its rights, pursuant to the protections of the Federal Declaratory Judgment Act and the Lanham Act, 15 U.S.C. § 1051, et seq., in its use of the term, "RootGel" for the moisture maintenance product it sells, including a judgment that such use does not infringe the trademark rights of the Defendant. The Plaintiff repeats and realleges paragraphs 1 through 17 above.

19. The Plaintiff presently uses the term "RootGel" to describe its product, (a gel for maintaining moisture in the roots of plants), otherwise than as a mark, and the fact that the term is not distinctive has been recited by the U.S. Patent and Trademark Office. The USPTO has recited that the term is merely descriptive in connection with the uses of the product for which it is and has been employed and because registration was denied, in substantial part, on that basis the Plaintiff did not seek further appeal and chose to accept the determination of the USPTO.

20.   Assuming a counterclaim by the Defendant that the Plaintiff's use of the term functions as a mark and is confusingly similar to its own mark, confusion is not likely because the parties' goods are distinct, they travel in completely separate channels of trade, and are marketed to vastly disparate customers.

21.   The Plaintiff's product has been sold in interstate commerce since at least August 7, 2006. Records in the U.S. Patent and Trademark Office disclose first use of Defendant's mark in interstate commerce, on April 1, 1998. There are no known or reported instances of actual confusion between the two products.

22.   The Plaintiff's use of the term RootGel does not infringe on Defendant's use of the registered trademark ROOT-GEL for reasons including, *inter alia*: 1) Plaintiff now uses the term "RootGel" in a descriptive context and not as a source-identifier. The mark GELTECH SOLUTIONS is always prominently used with the product name; 2) the U.S. Trademark Office recited that the Plaintiff's use of "ROOTGEL" merely describes a feature or purpose of the goods and is unregisterable as a trademark on that ground alone; 3) Plaintiff's goods are for professional use only and are available only through industrial (non-retail) distributors while Defendant's goods are targeted and sold to non-specialized retail customers; 4) Plaintiff's goods are intended for a vastly different purpose than are Defendant's goods: Plaintiff's goods are for moisture retention in roots only, whereas Defendant's goods are to provide an artificial growth and nutrition medium in which plant cuttings may sprout new roots; 5) the Defendant is legally required to use the mark "DYNA-GRO" in conjunction with all sales of its ROOT-GEL product; and 6) there have been no incidents of actual confusion between Plaintiff's and Defendant's use of the subject term.

23. Though Exhibit "B", hereto, was ostensibly sent by Mr. Neal and Ms. Martin, as the owners of the trademark registration for Root-Gel®, as can be seen from the context of the letter and Mr. Neal's and Ms. Martin's ownership and control of DYNA-GRO, it was sent for the commercial and legal benefit of MARTEAL, LTD., the company which sells DYNA-GRO™ Root-Gel®.

24. As a result of DYNA-GRO's "cease and desist" letter, an actual case or controversy exists between the parties. Defendant's accusations of trademark infringement and demand for compensation threatens potentially serious consequences to the business operations of Plaintiff.

25. Because of the serious nature of Defendant's infringement accusations and demands for compensation and cessation of sales, Plaintiff believes that these accusations and demands must be addressed now, or else they will persist and cause damage to Plaintiff as a result.

26. Because Plaintiff is entitled to be able to continue to conduct its long-standing marketing, distribution, and sale of moisture retention gels to its existing customers and new customers seeking the benefits of using Plaintiff's goods, and engage in its business in an atmosphere free of unfounded accusations and threats, Plaintiff is in need of, and entitled to, a judicial declaration of each party's respective rights and liabilities as they pertain to Plaintiff's marketing, distribution, and sale of its RootGel product.

## JURY DEMAND

The Plaintiff requests that the issues in this case be tried to a jury.

WHEREFORE, the Plaintiff prays that this court:

Enter judgment, pursuant to 28 U.S.C. § 2201 that its use of the term, "RootGel" does not infringe the trademark rights of the Defendant.

>Respectfully submitted,
>
>McHALE & SLAVIN, P.A.
>2855 PGA Boulevard
>Palm Beach Gardens, FL 33410
>Telephone:   (561) 625-6575
>Facsimile:   (561) 625-6572
>litigation@mspatents.com
>
>/s/ Edward F. McHale
>Edward F. McHale (FBN: 190300)
>*Counsel for the Plaintiff,*
>*GELTECH SOLUTIONS, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Amended Complaint for Declaratory Judgment was filed electronically on November 3, 2009. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Counsel includes:

Robert M. Schwartz, Esq.
Robert M. Schwartz, P.A.
2445 Hollywood, Florida 33020
Telephone:   (954) 924-0707
Facsimile:   (954) 924-0717
E-mail:      litigation@patentmiami.com

Michael James Cronen, Esq.
Zimmerman & Cronen
1330 Broadway Avenue
Suite 710
Oakland, CA 94612-2506
Telephone:   510-465-0828
E-mail:      mcronen@zimpatent.com

>/s/ Edward F. McHale